93 325
106 645

THE JACKSON FIRE CLAY, SEWER PIPE & TILE COMPANY
v. JOHN D. SNYDER.

*Taxes—Drain assessment—Interest—Sale—Constitutional law.*

1. It may well be doubted whether it would be competent for the Legislature to increase the burden provided by the law under which a tax was assessed by increasing the rate of the interest charge; citing *Mogg v. Hall*, 83 Mich. 576.

2. The interest charge which, under section 6, chap. 6, of the drain law of 1885 (Act No. 227), is to remain a lien upon the lands assessed for drain taxes, etc., is that fixed by the law under which the taxes were levied.

3. The provision of the drain law of 1885, adopting the provisions of the general tax law relating to the collection of taxes, is not to be construed as including the provision of the latter law relating to the interest charge.

Error to Ionia. (Smith, J.) Argued October 6 and 7, 1892. Decided October 27, 1892.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Mitchel & Hawley,* for appellant.

*Ellis, Nichols & Miller* and *John C. Blanchard,* for defendant.

MONTGOMERY, J. This is ejectment, brought to recover possession of land in Ionia county. The case must turn upon the question of whether a sale of the land made October 4, 1887, for a drain assessment first spread upon the tax roll of the township in 1884, under the law of 1881, is valid. The tax assessed was returned delinquent to the county treasurer for the year 1884, and reassessed in the year 1885, under Act No. 227, Laws of 1885. The amount

assessed and spread upon the tax roll of the township was $145.68.    The tax was again returned delinquent by the treasurer of the township to the county treasurer for the year 1885, and by the county treasurer returned to the Auditor General, and was sold by the county treasurer, by order of the Auditor General, on the 4th day of October, 1887, for the sum of $175.42. There was added to the original tax 1 per cent. per month from February, 1886, to October, 1887, making an interest charge which is in excess of 7 per cent., computed from the date when the tax became originally payable to the date of sale.

The proceedings taken to lay out the drain were had under Act 269, Laws of 1881, and the sale was made under Act 227, Laws of 1885.    Section 23 of the law of 1881, being section 1713, How. Stat., provided:

" If the taxes levied for the construction of any drain are not collected by the township treasurer, the land upon which they are levied shall be returned to the county treasurer in a separate return,    *    *    *    and such taxes may be paid to the county treasurer, with seven per cent. interest and cost of advertising, at any time before sale, as hereinafter provided."

Section 6 of chapter 6 of the drain law of 1885 provides:

" All taxes levied under the provisions of this act, or of Act No. 269 of the Session Laws of 1881, with all lawful costs, interest, and charges, shall be and remain a perpetual lien upon the lands upon which they are assessed."

Section 7 provides:

" Such taxes shall follow such lands,    *    *    *    and all the general provisions of law now existing, or that may be hereafter enacted, for enforcing the payment of township, county, and State taxes, shall apply to such drain taxes, and to the lands returned delinquent therefor."

Section 79 of the general tax law of 1885 provides:

"To all taxes unpaid on the first day of February next after their assessment there shall be added interest at the rate of one per cent. for every month or part of a month during which such taxes remain unpaid."

It is contended by the plaintiff that this section authorized the Auditor General to add 1 per cent. per month as interest; that the provision of the drain law, that "all the general provisions of law now existing for enforcing the payment of township, county, and State taxes shall apply to such drain taxes," requires that the interest charge provided by the general tax law shall be added to the drain tax.

It may well be doubted whether it would be competent for the Legislature to increase the burden provided by the law under which the tax was assessed by increasing the rate of the interest charge. *Mogg v. Hall*, 83 Mich. 576. But we do not discover in the statute of 1885 evidence of any such purpose. The interest which, with the principal, shall be and remain a lien upon the lands under the provisions of section 6, is the interest charge which was fixed by the law under which the tax was levied. Furthermore, if this construction of section 6 were doubtful, we do not think that the provision in the drain act, adopting the provisions of the general law relating to the enforcement and collection of taxes, is to be construed to include those provisions of the latter law relating to the interest charge. This precise question was considered by the supreme court of Illinois in the case of *Murphy v. People*, 120 Ill. 234 (11 N. E. Rep. 202). We cannot add anything to the reasoning of the court in that case.

As the conclusions of the circuit judge were in accordance with the views above expressed, the judgment will be affirmed, with costs.

The other Justices concurred.