No. 17,172.

## CROSS v. THE STATE.

CRIMINAL LAW.—*Rape.*—*When Evidence of Another Crime Admissible.* —*Keeping House of Prostitution.*—In a prosecution for rape, it is competent for the State to prove, for the purpose of showing a motive for the crime of rape, that the place to which the defendant took the prosecuting witness was a house of prostitution kept by him.

From the Grant Circuit Court.

*C. W. Watkins, J. C. Branyan, G. E. Meyers* and *J. S. Branyan,* for appellant.

*A. G. Smith,* Attorney-General, *C. M. Ratliff, O. L. Cline* and *W. A. Branyan,* for State.

COFFEY, J.—This is a prosecution against the appellant, commenced in the Huntington Circuit Court, in which he is charged with the crime of rape.

A trial of the cause resulted in a conviction of the appellant, which judgment of conviction was reversed by this court. *Cross* v. *State,* 132 Ind. 65.

Upon a return of the cause to the Huntington Circuit Court, the appellant procured a change of venue, and

the cause was sent to the Grant Circuit Court. Another trial again resulted in the conviction of the appellant, from which last judgment this appeal is prosecuted.

The assignment of error calls in question the propriety of the ruling of the circuit court in overruling appellant's motion for a new trial.

It is first claimed by the appellant, that the court erred in admitting certain evidence on the trial of the cause, offered by the State, to which objection was made by him at the time.

As preliminary to the question here presented, it may be remarked that the evidence in the cause tends to prove that the appellant resided with the mother of the prosecuting witness, in the city of Huntington, where they kept a house of prostitution. The witness is about sixteen years of age, and prior to the crime charged, had not resided with her mother since she was a small child. Shortly prior to the crime, the mother and the appellant went to Miami county, where the injured party was then residing, and induced her to go to their house in the city of Huntington. Within five days after she arrived in Huntington she was outraged by the appellant. The evidence tends to show that the mother was a party to the crime.

It is contended by the appellant, that the circuit court erred in permitting the State to prove that the place to which the appellant took the prosecuting witness, was a house of prostitution, kept by himself, for the reason that it was proving him guilty of a crime other than that for which he was on trial.

It is undoubtedly the *general* rule that the State can not prove the accused guilty of a crime other than the one with which he stands charged, but, like most other general rules, it has its exceptions.

Rice on Evidence, vol. 3, section 155, says: "Al-

though evidence in support of an indictment for felony be proof of another felony, that circumstance does not render it inadmissible. If the evidence offered tends to prove material facts, it is admissible, although it may also tend to prove the commission of another separate and distinct offense.''

It is always competent for the State to prove the accused guilty of another crime, if such other crime furnishes a motive for the one upon which he is on trial. Gillett's Crim. Law, p. 653; 3 Russell Crimes (9th ed.), 283; Abbott's Trial Briefs, 371; *Stout* v. *People*, 4 Parker's Crim. Reports (N. Y.), 71; *Carroll* v. *Commonwealth*, 84 Pa. St. 107; *People* v. *Wood*, 3 Parker's Crim. Reports (N. Y.), 681.

We are of the opinion that the court did not err in admitting the evidence of which complaint is made.

It is further argued that the circuit court erred in giving instructions of its own motion and in refusing to give instructions asked by the appellant.

We have carefully read all the instructions given by the court, as well as those asked and refused, and feel warranted in saying that the court did not err in either giving or refusing to give instructions in this case. The instructions given by the court embraced all that is contained in those asked, to which the appellant was entitled.

There is no error in the record for which the judgment should be reversed, and the same is, therefore, affirmed.

Filed June 5, 1894.