WILLIAM A. CECIL v. THE TERRITORY OF OKLAHOMA.

(Filed September 7, 1905.)

1.  INDICTMENT—Date Day Not Necessary When. It is not required that the exact time of the commission of an offense be set forth in the indictment, except where time is a material ingredient of the offense; and an indictment charging the crime of rape to have been committed on the —day of January 1903, is not subject to demurrer because the day of the month is left blank.

2.  TRIAL—Proof of Subsequent Offenses. In a prosecution for rape acts of sexual intercourse occuring subsequent to the one charged in the indictment, and relied on by the Territory for conviction, should not be considered by the jury either in corroboration of the main offense charged, or for any other purpose, as proof of subsequent offenses have no tendency to prove that previous thereto the defendant had probably committed the crime charged against him.

3.  TRIAL—Evidence of Negotiations for a Settlement by Defendant and by his Father. In a case of rape, evidence of negotiations for a settlement of the crime, by way of offers by the defendant to pay money to the prosecutrix, or her parents, are always relevant against the defendant; and where such negotiations are carried on by the father of the defendant, or by others, in order to make such evidence admissable against the defendant, the Territory must show that the father of the defendant, or the other parties acting, were acting for the defendant and by his direction and authority.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

*L. T. Wilson* and *W. T. Drake,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Ass't* for defendant in error.

Opinion of the court by

GILLETTE, J.: The defendant in this case, Wm. A. Cecil, was convicted of the crime of rape in the district court of Woods county, and sentenced to the penitentiary. His motion for a new trial and in arrest of judgment were each overruled, and he appeals to this court for a reversal of the judgment.

The first assignment of error is in the overruling of the defendant's demurrer to the indictment. The indictment charges the offense to have been committed on the —— day of January, 1903, and the demurrer is based on the ground that the indictment is fatally defective in not alleging the exact day in January when the offense was committed. We think the contention is without merit. Sec. 5361 of our code provides:

"The precise time at which the offense was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient of the offense."

By sec. 5365 it is also provided that the indictment is sufficient if it can be understood therefrom, among other things "that the offense was committed at some time prior to the finding of the indictment." At the common law the exact date of the offense had to be set forth, and a failure to do so was fatal to the indictment. This rule, which was often abortive of the ends of justice, has generally been modified by the statutes of the several states, and does not now prevail except where the time is a material ingredient of the offense charged. Under the statutes above cited, it is clearly the law that in laying the time in the indictment, except in cases where time is a material ingredient of the crime

charged, it is sufficient if it shall clearly appear that the offense charged was committed before the finding of the indictment, and within the statute of limitations. The same question was before the supreme court of Kansas at an early date, under a statute essentially the same as ours, and is reported in the 3rd Kan., 250. The indictment in that case charged a robbery from the person, to have been committed on the ——— day of ———, 1864, and in passing on the question it is said:

"The rule is well settled that it is not requisite that the precise time of the commission of the offense shall be stated in the indictment. But it is sufficient if shown to have been within the statute of limitations, except when the time is indispensable ingredient of the offense."

The same question, in some form, has been before many of the states of the Union, and abundant authority might be cited in support of the conclusion here reached, but we regard the question too well settled to require further consideration. We might add that the case of the *Territory v. Armajo*, from New Mexico, which is relied on by plaintiff in error in his brief, 37 Pac. 1117, was decided where the rule of the common law had not been changed by the statute, as in this Territory, and hence it cannot be regarded as an authority in point in this case. Time, in this case, is not a material ingredient of the offense, and the demurrer to the indictment was properly overruled.

Upon the trial of the case and over the objection of the defendant, evidence of acts of sexual intercourse between the defendant and prosecutrix occurring subsequent to the one charged in the indictment and relied on by the Territory for conviction, was admitted, and when the evidence in the case

had been introduced and the case rested, the court, over the objection of the defendant, gave the following instructions to the jury:

"Instruction No. 10. You are further instructed that evidence has been allowed to go before you by which it was intended to prove that the defendant had sexual intercourse with Dora Johnson on other occasions than the one charged in the indictment. The court instructs that such evidence can only be used by you as corroborating other evidence which was introduced for the purpose of showing that the crime charged in the indictment was actually committed."

The giving of this instruction in its unlimited form was error. The general rule is well settled that the state can not prove the commission of other distinct offenses for the purpose of rendering it more probable in the minds of the jury that the defendant committed the offense of which he is charged. See the recent case of the *Territory of Oklahoma v. Harmon,* 79 Pac., 765. While this is the general rule, there are a number of well defined exceptions to it, and one of these arises in a class of cases commonly referred to in the books as sexual crimes, which includes the crime of rape. Regarding the crime of rape, notwithstanding the fact that each separate and distinct act of sexual intercourse constitutes an independent crime of itself, it has long been the settled law not only that the prior relations of the parties may be shown and that solicitations, persuasive conduct, threats and even force were resorted to, but acts of sexual intercourse occurring prior to the one charged in the indictment and relied on by the state for conviction, may also be shown as corroborating evidence, when not too remote.

"When a party for a series of months, by every persuasion, by importunity, by threats and by force seeks to

gratify his lusts for sexual intercourse with a particular woman, certainly every mind must perceive the force and relevancy of those facts to explain the intent with which he made an assault subsequently on the same woman." 14 Wash. 285; 44 Pac. 533.

"The evidence as to defendant's having had connection with the girl before the time charged in the indictment was admissible under a well known rule regarding testimony of other transactions than those charged. When the issue is as to criminal intimacy between persons of opposite sex, evidence of prior acts of indecent familiarity is competent as tending to show a breaking down of all safeguards of self respect and modesty, and a general preparation for the offense." *State v. Trusty,* 118 Iowa 498; 97 N. W. 989; *Cross v. State,* 138 Ind. 254, 37 N. E. 790; *Proper v. State,* (Wis.) 55 N. W. 1035; *People v. Hubbard,* 92 Mich. 326; 52 N. W. 729; Gillett on Ind. and Coll. Evidence; *People v. Elco,* (Mich.) 91 N. W. 755;

While, as above stated, former acts of sexual intercourse may be considered by the jury as corroborating evidence, it is just as well settled that such acts occurring subsequent to the one charged and relied on for conviction, cannot be considered by the jury as corroborating evidence or for any other purpose, for they have no such tendency. Such evidence would amount simply to proving separate and distinct offenses for the purpose of rendering it more probable in the minds of the jury that the defendant committed the crime charged in the indictment.

"Proof of previous acts of sexual intercourse would tend to show a much greater probability of the commission of a similar act charged to have occurred subsequent thereto, but the converse of this proposition would not be true, as the proof of a crime committed by parties on a certain day could have no tendency to prove that they had, previous thereto,

committed a similar offense." *People v. Clark,* 33 Mich. 112; *People v. Etter,* 45 N. W. 1109; *People v. Hubbard,* 93 Mich. 326, 52 N. W. 729; Gillett on Ind. and Coll. Evidence; Also see 91 N. W., 755.

In this view of the law instruction No. 10 above quoted is clearly too broad in that it allows acts of sexual intercourse occurring subsequent to the one charged in the indictment and relied on by the Territory for conviction, to be considered by the jury as corroborating evidence, and is therefore erroneous.

During the trial of the cause the father of the defendant was called as a witness for the Territory, and over the objection of defendant was required by the Territory to detail the particulars of certain negotiations that he himself conducted with the parents of the girl, having for its object a settlement or compromise of the criminal proceedings then about to be brought against his son, the defendant. These negotiations approached, if they did not constitute the compounding of a felony. If these negotiations were carried on by the father at the instance of the defendant, or by his direction or authority, they were relevant against him, and furnished very strong evidence of his guilt. We have examined the record with great care, and fail to find any evidence to connect defendant with the father's negotiations. The old man seems to have been prompted by that parental affection which causes the parent at all hazards to save the wayward son even from just and merited punishment. When viewed as the act of an affectionate old father, under such circumstances, it touches a chord of human sympathy. But when you come to view his acts as prompted by the son, it at once becomes incriminating circumstance of much weight pointing to the guilt of the defendant.

"The admissions of the defendant, particularly an offer on his part to pay a certain sum of money to the prosecutrix or her mother, to settle the matter, are always relevant against him." Underhill on Criminal Evidence, sec. 418; *Hardeke v. State,* 67 Wis. 552, 30 N. W. 723; *Moth. v. State,* 55 Ga. 303.

As the evidence fails to in any way connect the defendant with the negotiations of the father, it was clearly hearsay, incompetent and prejudicial, and its reception was material error.

In view of the fact that the age of the girl is in dispute we are inclined to suggest that instructions No. 5 and No. 8 should be so framed as that the right to convict the defendant under the indictment shall be clearly confined to a period within the statute of limitation, and also to a period within the age of consent of the girl. As these two instructions as now stand there is some danger of the jury being confused, as argued by counsel for defendant. Instruction No. 5 required the proof to show that the prosecuting witness was under sixteen years of age at the time of the act complained of, while instruction No. 8 permits a conviction on proof of the act complained of within three years from the date of finding the indictment by the grand jury.

For the reasons above stated the judgment of the court below is reversed, and the cause remanded for a new trial.

Pancoast. J., who presided in the court below, not sitting; all the other Justices concurring.