# DISTRICT OF COLUMBIA *v.* WASHINGTON TERMINAL COMPANY.

---

TAXATION; WASHINGTON TERMINAL COMPANY; EQUITY; ADEQUATE REMEDY AT LAW.

1. Under the Act of Congress of February 28, 1903 (32 Stat. at L. 909, chap. 856), providing for a union station in this District, and for the closing and abandonment of certain streets within the area to be occupied by the Washington Terminal Company, and requiring that the property "owned or occupied" by the company under the authority of the act shall be subject to taxation in the same manner and to the same extent as other property in the District, the company is required to pay taxes upon the land formerly comprising such streets, but now occupied by the company as part of its station and yard, but such taxes are not collectable by sale of the land for delinquent taxes, as in case of other taxable lands in the District.

2. Where the legislature provides for the payment of taxes, but makes no provision for collection, and gives no lien for the taxes against the property sought to be taxed, it may be that an action at law will lie by the taxing authorities against the party required to pay the taxes.

3. A bill in equity will not lie by the District of Columbia against the Washington Terminal Company, to collect the taxes which the Act of Congress of February 28, 1903 (32 Stat. at L. 909, chap. 856), requires the company to pay on land of the United States in the District occupied by the company under that act for terminal pur-

poses, and which was formerly used for street purposes, there being no lien to enforce, and the plaintiff's remedy at law not being inadequate.

No. 2997.  Submitted February 8, 1917.  Decided April 2, 1917.

HEARING on an appeal by the plaintiff, the District of Columbia, from a decree of the Supreme Court of the District of Columbia sustaining a motion to dismiss, and dismissing, a bill in equity to compel the defendant to pay taxes on certain land occupied by it, but owned by the United States.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the District of Columbia, from a decree in the supreme court of the District dismissing appellant's bill to compel the payment of taxes upon lands formerly streets and avenues of the District and now occupied by the appellee, Washington Terminal Company, under the Act of Congress of February 28, 1903 (32 Stat. at L. 909, chap. 856), providing for a union station.

Section 5 of the above act provides for the closing and abandonment of certain streets within the area to be occupied by the terminal company and now a part of the terminal station and yard, although the title still is in the United States.  Section 6 of said act provides "that the property owned or occupied by the terminal company   *   *   *   under authority of this act, or otherwise, together with the improvements that may be put thereon, shall be subject to taxation in the District of Columbia in the same manner and to the same extent as other property in the District, and all tracks and sidings shall be taxed as real estate:  Provided, That no assessment, valuation, or tax shall be made, laid or levied on the stations, terminals, and lines of railroad located, constructed, or maintained, under the authority of this act in excess of that which would or could be lawfully made, laid or levied, if said stations, terminals and lines of railroad were located, constructed and maintained without the use of bridges, tunnels, viaducts, retaining walls, or other struc-

tures necessary or properly employed to elevate or to depress the same as required by this act; it being the true intent and meaning hereof that the lines of railroad and terminals hereby authorized shall be assessed and valued for the purpose of tax· ation and taxed on the same basis as if the same were not constructed and maintained by means of such bridges, tunnels, viaducts, retaining walls, and other structures: Provided, that such portions of the terminal structure or viaduct as may be constructed and used for storage or like commercial purpose shall be subject to taxation in the same manner as other property in the District of Columbia."

The terminal company paid taxes upon the private property it had acquired for terminal purposes, but refused to pay taxes upon the abandoned streets and avenues which it occupied for the same purposes.

It is alleged in the bill "that the statutory remedies for the collection of taxes have proven entirely futile;" that the District has advertised the said property as provided by law for failure to pay said taxes, "and the said property has been bought in by the said District, pursuant to law, because of the lack of other purchasers or bidders, and is now held by the plaintiff with the right to sell the said property either at public or private sale, but that no one can be found who is willing to buy the same, and the plaintiff (appellant) is advised that it has no remedy in a court of law," etc.  The prayers of the bill are for a decree that said taxes are justly due and owing, and that appellee, its officers and agents, pay the same under penalty of being adjudged in contempt; that appellant may have execution as at law, and for general relief.

In the motion to dismiss four grounds are assigned:  First, that there is no law authorizing the District to bring suit to enforce the payment of taxes by the rendition of a personal judg· ment therefor, either against the owner of said property or any other person using or occupying the same; second, that no ground for equitable jurisdiction is alleged in the bill; third, that there is no authority in law for the levy and collection of taxes by the District upon property of the United States, even

though that property may be occupied by the appellee; and, fourth, that the taxation laws of the District require that all taxes shall be levied in the name of the owner or trustees of the owner of the property.

The court, being of opinion that "the bill does not state a cause of action," entered a decree dismissing it.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant:

1. In the present case the District was unable to find a purchaser for this property at the annual tax sale. No person could be found who was willing to invest his money in this property, as he knew he would be facing litigation with a rich and powerful corporation. Therefore, under the statute, the District of Columbia became the purchaser with power to sell at public or private sale to satisfy the taxes, but has been unable to sell. Where a statutory remedy is provided, there cannot be a resort to a court at common law for the enforcement of the tax. 1 Cooley, Taxn. 17–19; 2 Cooley, Taxn. 836; Burroughs, Taxn. page 4 and page 253, section 105; 4 Dill. Mun. Corp. section 1414; Tiedeman, Mun. Corp. section 282, pages 547–549; 27 Am. & Eng. Enc. 782, 784, 785.

This rule is based upon the theory that a tax is not a personal obligation, and therefore no action will lie for its recovery. The supreme court, in *Lane Co.* v. *Oregon,* 7 Wall. 71–79, held that a debt did not include taxes imposed by legislative authority. See also 6 L.R.A. 69; 57 L.R.A. 150; 51 L.R.A. 902; and 6 L.R.A.(N.S.) 694.

Desty, in his work on taxation, expresses the contrary view; 2 Desty, 706; see also 11 L.R.A. 817 and 19 L.R.A. 485.

It is believed, however, that the rule first stated is supported by an overwhelming weight of authority.

2. In some instances an inadequate statutory remedy may be supplemented by common law or equity. 27 Am. & Eng. Enc. Law, 783; 37 Cyc. 1233; *State* v. *Duncan,* 3 Lea, 679; *Edge-*

*field* v. *Brien,* 3 C. H. R. 673; *Mercier's Succession,* 11 L.R.A. 817; *State* v. *Meyer,* 41 La. Ann. 439.

3. The remedies found in the general statutes relating to the collection of taxes are not available. 2 Sutherland, Stat. Const. section 407; *Jackson* v. *Snyder,* 193 Mich. 325, 53 N. W. 359; *Murphy* v. *People,* 120 Ill. 234, 11 N. E. 202. If the court should be of the opinion, after a consideration of the provisions of the statutes, that no mode of collection is provided for, then the resort to a court of equity was entirely proper under the peculiar circumstances.

4. The streets, avenues, and alleys closed for the use of the terminal company were the property of the United States, and, prior to their occupation by the defendant, were not the subject of taxation. Upon their occupation and use by the defendant they became subject to taxation as other property, under the terms of the statutes; but the title is still in the United States. This did not mean that they should become the subject of sale for delinquent taxes. If it did, then the anomalous situation would arise of the property of the United States becoming subject to a tax sale because of delinquent taxes, and a good title, possibly, passing into the hands of strangers.

Is it not the saner construction that Congress omitted, because of the very peculiar circumstances, any method for collection?

*Mr. George E. Hamilton* and *Mr. John J. Hamilton,* for the appellee:

1. There is no provision of law authorizing the District of Columbia to bring suit to enforce the payment of taxes assessed against property by the rendition of a personal judgment against the owner thereof or any other person using or occupying same. See *Kann* v. *King,* 25 App. D. C. 182.

2. There is no authority of law authorizing the filing of a suit in equity by the District to enforce the payment of taxes assessed against real estate. *Ex rel. Bride* v. *Macfarland,* 18 App. D. C. 120; *Meriwether* v. *Garrett,* 102 U. S. 472; *Kann* v. *King,* 25 App. D. C. 182; *Green County* v. *Murphy,* 107 N.

C. 36; 27 Am. & Eng. Enc. Law, 2d ed. 783; **37** Cyc. 1233; *People* v. *Biggins,* 96 Ill. 481.

3. The jurisdiction of the equity court cannot be sustained either on the theory that the taxes levied in this case constitute a lien upon the property or became a debt against the owner or occupier thereof which can be enforced by a bill in the nature of a creditor's suit. *Johnson* v. *District of Columbia,* 6 Mackey, 21; 2 Cooley, Taxn. 3d ed. p. 865; *Washington* v. *Pratt,* 8 Wheat. 681.

4. In the absence of statute, a tax, when levied upon real estate, is not a debt in the sense that the creditor may adopt the usual and ordinary processes of law to enable him to collect the debt. 1 Cooley, Taxn. 3d ed. p. 17; *Lane County* v. *Oregon,* 7 Wall. 71; *Meriwether* v. *Garrett,* 102 U. S. 472; *Commissioners* v. *National Bank,* 48 Kan. 561; *Plymouth County* v. *Moore,* 114 Iowa, 700; *Alexandria* v. *Heyman,* 35 La. Ann. 301; *Detroit* v. *Jepp,* 52 Mich. 458; *State* v. *Snyder,* 139 Mo. 549; *Hanson Co.* v. *Gray,* 12 S. D. 124; *Marye* v. *Diggs,* 98 Va. 749; *Rochester* v. *Bloss,* 185 N. Y. 420; also 6 L.R.A.(N.S.) 694.

For full brief on the question under consideration see case of *Marion County* v. *Woodburn Mercantile Co.* 41 L.R.A. (N.S.) 730.

5. The claim as sued on is for taxes for the years 1910, 1911, 1912, and 1913. The 1910 tax was due and payable, according to law, in May, 1910, and the property was sold for default in payment of the taxes in March, 1911; and, in the same manner, the 1911 tax was due in May, 1911, and the property was sold for default in March, 1912; and the tax for 1912 was due and payable in May, 1912, and the property was sold for default in March, 1913; the tax for the year 1913 was due in May, 1913, and the property was sold for default in March, 1914.

As to some of these taxes it therefore appears that they were due and payable more than three years before the filing of this suit, and as to some of them it appears that the period allowed by law to the property owner within which he can redeem his property from tax sale, to wit, two years from the date of said

sale, had not yet expired, and as to such taxes, if this proceeding is allowed to go on, it will have the effect of depriving the property owner of the absolute right to redeem his property, given him by the taxing statute.

If the tax when levied is a debt, then the statute would begin to run from the time the debt is due and payable.

The provision of the law of limitations that applies on this subject is sec. 1265 D. C. Code. The ordinary Statute of Limitations applies to the collection of debts. *Metropolitan R. Co.* v. *District of Columbia,* 132 U. S. 1; *Bristol* v. *Washington County,* 177 U. S. 133; *Burlington* v. *B. & M. R. Co.* 41 Iowa, 134; *State* v. *Yellowjacket S. M. Co.* 14 Nev. 220; *State* v. *Herman,* 70 Mo. 420.

Mr. Justice ROBB delivered the opinion of the Court:

Under the provisions of sec. 6 of said Act of 1903 (32 Stat. at L. 914, chap. 856), property "owned or occupied" by the terminal company is subject to taxation. It is not contended by the terminal company that Congress did not possess authority to levy such an impost upon the occupied streets and avenues in question, but that an intent to do so does not appear from the language employed. The location and construction of this great terminal, with its arterial connections, was an enterprise of an enduring character. This was well known to Congress, as will be apparent from an examination of the acts authorizing it. Congress might have provided not only for the abandonment of the streets and avenues in question, but for the acquisition of title thereto by the terminal company, in which event that company would have been compelled to expend a large sum of money at the outset and thereafter pay taxes on the land acquired. Evidently desiring to relieve the company of so great a burden, permission was given to occupy these streets and avenues as though the title really was in the terminal company. In other words, all the benefits of actual ownership were conferred upon the terminal company so long as it carried out the purposes for which it was created. There was a

special reason, therefore, for the provision that property *occupied* by the company should be taxable.

Nor is there anything in the proviso of said sec. 6 inconsistent with the intent that occupied property should be subject to taxation. Largely for the benefit of the public certain bridges, tunnels, viaducts, and retaining walls were required to be constructed, and the first proviso simply eliminates from taxation such artificial structures, leaving the taxes to be assessed upon the unimproved land "owned or occupied by the terminal company." But if such structures are to be used for storage or like commercial purposes, they are subject to taxation under the second proviso, the terms of which are inconsistent with the claim that it was not the intent of Congress to tax land merely occupied by the company. That proviso clearly includes structures located upon land occupied as well as upon land owned by the terminal company. We rule, therefore, that the abandoned streets and avenues occupied by the terminal company are subject to taxation. A different conclusion would require us to disregard the plain words of the statute and the obvious intent of Congress.

What provision, if any, was made for the assessment and collection of these taxes? The first part of sec. 6, above quoted, declares that this property shall be subject to taxation "in the same manner and to the same extent as other property in the District," while in the second proviso the words used are "in the same manner as other property in the District of Columbia." The District authorities proceeded upon the assumption that these words authorized the sale of the property taxed, for delinquent taxes. We do not think so. In the first place, the language used evidently refers only to the manner and measure of the assessment. The words used are "shall be subject to taxation," etc. No provision whatever is made for the collection of the taxes to be assessed, and it is a well-known rule that the language of such taxing acts will not be enlarged by construction. Thus a drainage law providing that drainage taxes should be *collected* in the same manner as general taxes was held not to adopt the penalty provision of the latter law.

*Jackson Fire Clay S. P. & Tile Co.* v. *Snyder,* 93 Mich. 325, 53 N. W. 359; *Murphy* v. *People,* 120 Ill. 234, 11 N. E. 202; 2 Sutherland Stat. Constr. 407. See also *Heine* v. *Levee Comrs.* 19 Wall. 655, 22 L. ed. 223. In the present case there is not even a provision that the tax shall be collected in the same manner as other taxes. Indeed, as above noted, there is no provision as to how it shall be collected. And there was a reason for this. Congress knew not only that a considerable portion of the land to be occupied by the terminal company would be land of the United States, but that all land "owned or occupied" by the terminal company would be devoted to such a public use as would not permit of interruption or abridgment. The Act of August 14, 1894 (28 Stat. at L. 282, chap. 287), providing for real estate assessments, requires that such assessments shall be "in the name of the owner, or trustee or trustees of the owner thereof." Congress knew, of course, that the terminal company would be neither the owner nor trustee of the owner of these abandoned streets and avenues, and hence that said act would not be applicable. Congress must have appreciated, also, that this terminal company would be responsible for any taxes levied. For these reasons no provision was made for the sale of any part of this property thus affected by this public use.

Where special provision for the collection of taxes is made, and it is apparent that no other remedy is contemplated, there can be no resort to a common-law action for the enforcement of the tax. 1 Cooley, Taxn. 17, 18, and 19; Burroughs, Taxn. pages 4 and 253; Dill. Mun. Corp. sec. 1414. But, says Mr. Cooley, "instances have occurred of tax laws which provided for laying the tax, but made no provision whatever for collection. In such case it may well be held that the legislature contemplated the enforcement of the tax by the ordinary remedies; and therefore, if the tax was assessed against an individual, that assumpsit or debt would lie for the recovery thereof. The same reasoning would support a proceeding in equity to enforce a lien for the tax when assessed, not against an individual, but against property * * *." In *State ex rel. Kansas City,*

*St. J. & C. B. R. Co.* v. *Severance,* 55 Mo. 378, a law for the taxation of railroads had designated no particular mode for the collection of the tax, but the court adopted what it termed the well-known rule that "where a statute creates a right and gives no remedy, the party may resort to the usual remedy applicable to such a case." See also *Oakland* v. *Whipple,* 39 Cal. 112; *State* v. *Georgia Co.* 112 N. C. 34, 19 L.R.A. 485, 17 S. E. 10; *Boston* v. *Turner,* 201 Mass. 190, 87 N. E. 634. It is plain, however, that there are no equitable grounds upon which this bill may be sustained. There is no lien to enforce, nor does it appear that an action at law would be futile. The decree therefore must be affirmed, with costs. *Affirmed.*

On May 25, 1917, a motion to recall and amend the mandate was granted.