JOHN SATTERFIELD v. STATE.
No. A-4884. Opinion Filed Aug. 18, 1925.
(238 Pac. 868.)

J. N. Fortner, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below.

From a conviction in the county court on a charge of assault and battery, the defendant has appealed. The evidence of the state sustains the allegations of the information. The defense is an alibi. The principal error complained of is the admission of incompetent evidence. The record discloses the following state of facts. Just before the conclusion of the trial, during the noon recess, while walking down the steps from the court-house, in

the absence of the defendant, Hugh D. Fox, an attorney, who had volunteered his services, and who was sitting in the case, said to and in the presence of R. C. Blocker, J. Will Jones, and J. A. Andrews:

"I framed the defense in this case, and it is air tight."

Upon the reconvening of court, the county attorney called each of these witnesses, Blocker, Jones, and Andrews, and over the objection of the defendant, represented by Mr. Fortner, evidence of the statement of Fox was introduced in evidence. At this time the case was closely contested and it was uncertain whether the jury would believe the testimony offered by the witnesses for the state or the alibi offered by the defendant. It is the contention of the defendant that this evidence was wholly incompetent and highly prejudicial and turned the scales against the defendant. The state admits that the case presented was close on the evidence. We are unable to tell from the record whether or not the statement by Fox was intended as a joke or was seriously made in a bragging spirit. Fox testified that it was jokingly made. In any event it was a reprehensible statement. The natural conclusion to be drawn by the jury from this evidence was that the testimony offered on behalf of the defendant was false and inspired by counsel for defendant to deceive the jury and to defeat justice.

That this evidence was incompetent is beyond question, and was obviously prejudicial. Certainly a statement made by a third person, not in the presence of the defendant, and not shown to have been either expressly or impliedly authorized by the defendant, is not admissible against him, even though the person making the statement was acting in the capacity of an attorney. 16 C. J. 639.

In the Case of Cecil v. Territory, 16 Okla. 197, 82 P. 654, 8 Ann. Cas. 457, wherein the father of the defendant, charged with rape, negotiated with the parents of the girl

for a settlement or compromise, the court admitted in evidence the acts of the father. The Supreme Court reversed the case, holding that, unless there was evidence to connect the defendant with the father's negotiations, such evidence was incompetent. This case is reaffirmed and additional authorities cited in the case of Bruner v. U. S., 1 Okla. Cr. 205, 96 P. 597. Where incompetent evidence is admitted against the defendant which is reasonably calculated to have influenced the verdict of the jury, such error is not harmless and constitutes reversible error.

The case is reversed and remanded.

BESSEY, P. J., absent, not participating.

DOYLE, J., concurs.