# HOMER HOFER v. STATE.

No. A-9061.   Oct. 2, 1936.
(61 Pac. [2d] 268.)

J. Will Culwell and J. S. Harris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess Pullen, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in district court of Texas county of rape in the second degree and was sentenced to a term of 2 years in the state penitentiary.

At the time charged defendant was a married man, 21 years old.   The prosecutrix was a high school girl aged 15, but a sophisticated young hussy.   The evidence for the state is that defendant took prosecutrix in an automobile about a mile in the country and accomplished an act of sexual intercourse with her with her consent.   Her testimony upon this point is:

"Q.   What effort did you make to stop him?   A.   I tried to put my dress down but he insisted on it coming

90

up; and I begged him not to, but he wouldn't do it and so I just let him alone. * * * Q. And then when you saw that you couldn't keep him from it, you yielded, of course? A. No sir, I didn't; after I found out he wouldn't stop by my asking him I thought I would let him alone and see if he would quit, but after he had gone so far he wouldn't quit."

The testimony of defendant does not materially conflict with the testimony for the state except as to the fact of intercourse, which he denies. His testimony fully establishes a case of assault with intent to commit a rape in the second degree.

Upon this point he testified:

"Q. What did you do when you got out there, just tell the jury in your own words what you did that evening after you came back from riding south of town? A. We drove out to Bozo's place and I and Jewell got out and went into the house and lit the light. Gladys came into the door and fooled around a little while and then went back to the car. We talked there a little bit and I tried to have intercourse with her at that time, and she wouldn't let me, so then we went back to the car and came back to town. * * * Q. Did you, or did you not, on or about the 7th day of August, 1935, or at any other time or place, have sexual intercourse with Jewell Capps? A. No sir, I did not."

On cross-examination he testified:

"Q. Please tell me just what you actually did in trying? A. I asked her and she said 'no,' and then I tried other ways. Q. What other way? A. Force. Q. Did you take hold of her? A. I had taken hold of her, but not with any force; But I did use some force and she fought against it and I quit. * * * Q. Did you get on top of her? A. Yes, sir. Q. And attempted to have intercourse with her there at that time? A. Yes, sir. * * * Q. Then if she had not resisted you, and told you to quit, you would have

had intercourse with her, wouldn't you? A. If she consented, yes, sir. Q. That is all you lacked? A. Yes, sir."

The court submitted to the jury the law applicable to the crime of rape in the second degree, and also the included offense of assault with intent to rape.

Several assignments of error are made and several are discussed in the briefs; the only one of sufficient importance to require discussion is the admitting of incompetent testimony. About 3 weeks after the occurrence, which forms the basis of the charge, the wife of defendant took prosecutrix to Boise City for a physical examination to determine if she was pregnant. Defendant was not with them, and there is no showing that he had any connection with or knowledge of such trip. Objection was made to this testimony. It was clearly incompetent. Cecil v. Territory, 16 Okla. 197, 82 Pac. 654, 8 Ann. Cas. 457; Bruner v. U. S., 1 Okla. Cr. 205, 96 Pac. 597. Except for the fact that defendant admits his guilt of the included crime of assault with intent to rape, it would be more serious. Under all the circumstances, no honest jury could fail to find defendant guilty either of rape in the second degree or of assault with intent. A female of the age of 15 is incapable of giving consent to an act of sexual intercourse. The law intends the adult male shall keep his hands off a female of such tender years, and, if he has intercourse with her, he does so at his peril. A reduction of the punishment assessed from a term of two years in the penitentiary to a term of one year fully cures this error.

The judgment is so modified, and as modified, is affirmed.

DAVENPORT and DOYLE, JJ., concur.