### L. A. DUFFER V. THE STATE.

No. 19928.  Delivered November 16, 1938.
Rehearing Denied February 8, 1939.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for four years.

On the 22nd of December, 1936, R. A. Leonard lost about 5200 pounds of cotton seed which he had stored in the field of J. W. Coffey. On the 23rd of December, 1936, appellant drove to the Plainview Cotton Oil Mill in a green Chevrolet truck. The truck was loaded with 5140 pounds of cotton seed, which appellant sold to the mill company under the name of J. C. Davis of Sudan, Texas. It is observed that appellant's name was L. A. Duffer. After discovering the theft of his cotton seed Mr. Leonard notified the officers. Truck tracks were found in the vicinity of the theft and were shown to have been made by tires similar to those appellant had on his green Chevrolet truck. During the time the officers were investigating the theft they had a conversation with appellant. At this juncture we quote from the testimony of one of the officers, as follows: "On the occasion I talked with him (appellant) in this county I wanted to look at his truck, look over his truck and talk to him. And he asked me after I talked to him, asked a few questions. He says 'What is the matter?' I told him some cotton

seed had been stolen. We talked a little while and he asked 'Whose cotton seed?' and I told him Mr. Leonard's. So he says 'Come here,' standing at the back of his truck. I walked back to the truck. He says 'If I go pay Mr. Leonard for these cotton seed and satisfy him would you and Mr. Lloyd be satisfied? Will you drop the charges and not do anything about it?' I says 'No, I wont.' "

Appellant made this declaration before he had been accused of committing the theft. An investigation by the officers disclosed that there was no man in Sudan by the name of J. C. Davis.

Testifying in his own behalf, appellant denied that he had any connection with the theft. He said that when he was accused of the offense he told the officers that he would rather pay one hundred dollars than be brought up before the court.

We deem the evidence sufficient to support the conviction.

It is shown in bill of exception No. 1 that appellant requested the court to withdraw from the consideration of the jury his statement that he would rather pay one hundred dollars than be "bothered with the case." The bill is qualified by the court, as follows:

"Said testimony was brought out by defendant's counsel while cross-examining the witness Hutson, and the defendant testified to the same facts."

In view of the qualification, the fact that appellant might have been under arrest is immaterial. Having elicited the testimony and further having testified to the same facts, appellant is in no position to contend that the court was in error in refusing to withdraw such testimony.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion because, as he says, the trial court was in error in his qualification of appellant's bill of exceptions No. 1 wherein the court qualified same as follows: "Said testimony was brought out by defendant's counsel while cross-examining the witness Hutson, and the defendant testified to the same facts."

The matter thus complained about being the statement purported to have been made to the officers prior to appellant's arrest wherein, during the investigation relative to the stolen cotton seed, he stated that he would rather pay $100.00 than to be bothered with this case, or that he would be willing to pay for the cotton seed rather than be jerked around. This bill bore the above quoted qualification of the trial judge. The appellant's attorney claims to have excepted to such qualification, and we find such a statement appearing at the bottom of the bill; however the same is not certified to above the trial court's signature, and can not be considered by us. See Oscar Lee v. State, No. 19975, opinion handed down February 1, 1939, (page 179 of this volume) and authorities there cited.

The appellant also requests us to go to the statement of facts in order to see that the judge's qualification is incorrect. This we can not do. The judge's qualification is a part of this bill, and in the event of a conflict between the bill of exceptions and the statement of facts, the bill of exceptions must control. See Branch's Ann. P. C., 139, Sec. 217, and authorities there cited.

In appellant's bill of exceptions No. 2 he endeavors to get the court to charge relative to the statement complained of in his bill No. 1, above set forth. Appellant admits that his requested charge is incorrect, but suggests that it was sufficient to call the trial court's attention to the matter embraced therein, and it then became the court's duty to prepare a correct charge. We think it is a sufficient answer thereto to say that the appellant took the stand himself and testified to practically the same thing as was complained of in this bill No. 2. Upon direct examination by appellant's attorney, appellant said:

"I came to Olton and went to the sheriff's office. Mr. Martin and Mr. Lloyd were in there. * * * They said they would like for me to go to Plainview. I believe then I made the remark that I would rather give him $100.00 than to have it brought up in court."

On cross-examination by the State, on this point, he said: "I did not say down here, referring to this case, that I would give $100.00 not to have this thing taken into court. I would rather give $100.00 than be brought up before court. I did say that. * * * The statement I made awhile ago under the questioning of my own attorney that I would rather give $100.00 than to have this case brought to court was in the conversation in the sheriff's office."

It, therefore, seems apparent to us that the statement complained of was testified to by appellant himself.

Appellant seems to be concerned relative to whether or not a warning was given to appellant before he made this complained of statement. We do not think it was a question of warning vel non, but rather a question of whether or not appellant was under arrest at the time he made the verbal statement. There was no objection made to such statement because of the fact that appellant was under arrest, and no charge requested relative thereto, and same was not otherwise brought to the court's attention.

It seems apparent to us that we were correct in our original opinion in disposing of these matters, and the motion is therefore overruled.