**James E. CLARK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12559.**

Criminal Court of Appeals of Oklahoma.

June 4, 1958.

Rehearing Denied July 9, 1958.

O. A. Brewer, Hugo, Homer Ellis, Paris, Tex., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, James E. Clark, defendant below, was charged by information in the District Court of Choctaw County with the crime of larceny of lost property, a certain billfold containing $397.65 belonging to Mrs. Willie Harmon. He was tried to a jury, convicted, and his punishment fixed at one year in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the facts are Mrs. Willie Harmon left home on December 3, 1956, to go to the post office in Hugo, Oklahoma, for the purpose of purchasing a money order in the sum of $296.91 which she expected to send to a man for whom she had been harvesting pecans. The last named sum was in the billfold and in addition thereto was in excess of $101 of her money. It appears that in loading some things in her pick-up truck before departure, the billfold was laid on the running board of the truck and forgotten. En route to Hugo, the billfold was lost on the highway, which fact was not discovered by Mrs. Harmon until she arrived at the post office. The lost billfold contained ample identification so that the finder could have returned it to Mrs. Harmon without any difficulty. The means of identification were such as her social security card, fishing license, photograph, and an identification card bearing her name and address. The record discloses that a Mr. Swanger, an army engineer, passed the point where the billfold was lost and saw it, but he was travelling at such a speed he could not stop immediately. He observed someone driving the defendant's truck, who was following him, stop and pick

up the billfold. Mrs. Harmon, in trying to recover her billfold, returning from the post office, saw the defendant's truck at a beer tavern and the defendant sitting in it. The defendant, Clark, admitted he saw Mrs. Harmon at that time and place. Patsy Lenney and her sister, Peggy Martin, friends of the defendant, both testified substantially that they saw Mr. Clark's truck at the tavern and thinking he might be having trouble, they stopped. It was there they found him and they testified he told them he had found a billfold containing what he said was some $90 and that a man saw him pick it up and he wanted to get off the main highway before he came back. After getting off the main highway, he counted out some $90, which money he took and then tried to burn the billfold. The girls testified it would not burn and he threw it in the bushes. Later, they said, they went back and got the billfold, kept it for a time, and finally gave it to Sheriff Ed Thornton.

The record further shows that the day before the trial, the defendant, Clark, came to Mrs. Harmon's home and offered to pay back her money, $200 in a lump sum and the balance a little at a time. Apparently, in an effort to make her feel secure, he offered to give her an interest in his business, so she testified. She further testified he said the billfold was hidden in the home of C. C. Summers in Paris, Texas, that being the girls' aunt's home where the Lenney girl said they hid the billfold. However, at this time, the billfold had already been delivered to the Sheriff of Choctaw County.

■■■ The defendant asserts the evidence is insufficient to sustain the conviction. He contends the Lenney and Martin girls were accomplices and there was not sufficient evidence of corroboration to sustain the verdict. The facts of the case refute this contention, even conceding for the purpose of argument these girls were accomplices. It has been held that corroboration need not be of every detail, but is sufficient if it connects the defendant with the crime, and this corroboration may be either direct or circumstantial evidence or both. England v. State, Okl.Cr., 276 P.2d 270; Scott v. State, Okl.Cr., 316 P.2d 192. An accomplice may be corroborated by evidence of defendant as well as by others. Couch v. State, 77 Okl.Cr. 272, 141 P.2d 125. It is apparent that the Lenney and Martin girls are both corroborated by the defendant and the other witnesses. These witnesses were corroborated by the facts that a person riding in his truck stopped and picked up the billfold, that he was in the vicinity at the time of the larceny, that he contacted the prosecutrix concerning restitution and terms in regard thereto, Bruner v. U. S., 1 Okl.Cr. 205, 96 P. 597; Satterfield v. State, 31 Okl.Cr. 309, 238 P. 868; Yoder v. State, 66 Okl.Cr. 178, 90 P. 2d 669; Duffer v. State, 136 Tex.Cr.R. 199, 124 S.W.2d 355, that he knew where the billfold was before its delivery to the Sheriff and told Mrs. Harmon where it had been, evidence of guilty knowledge and corroborative of the girls' testimony. These and other circumstances and direct evidence corroborate the so-called accomplices. Rushing v. State, 86 Okl.Cr. 241, 190 P.2d 828.

■■■ The sufficiency of the evidence is the only question raised with any semblance of substantial merit, and the defendant so states, since no objections or exceptions were taken during the trial of the case as to the reception or rejection of evidence. The evidence presented a question for the jury. It was the sole province of the jury to weigh the evidence and its credibility and substance. Even though the evidence was conflicting, the Criminal Court of Appeals will not substitute its judgment for that of the jury where the evidence reasonably tends to support the finding of the jury. Sandy v. State, 94 Okl.Cr. 80, 231 P.2d 374. The judgment and sentence is affirmed.

POWELL, J., concurs.

NIX, J., not participating.