LAND, J.
The accused was indicted for the crime of rape, charged to have been committed on November 11, 1903; was tried, convicted, and sentenced to be hanged. The accused appealed, and his assignment of errors is contained in three bills of exception.
1. The first bill contains the following recitals, viz.:
“Be it remembered that on the trial of the cause the Honorable A. P. Marmouget, recorder of the Third District court, being on the stand, the district attorney asked the following question for the purpose of disclosing statements made by the accused while in custody and confined in the station cell under said court.
“ ‘Q. Why did you go there to see him?’
“Said question was objected to because the offense charged was committed on the 11th day of November, 1903, and no statement of any collateral event, such as what had taken place previous to said date, was admissible against the accused as his confession, and that no statement of general facts or any other offense or crime was admissible against the accused.
“Further, that any statement made by the witness which comes from himself, and not from the accused — in other words, if he puts a question or state of facts himself, without having stated what these things are — is not a confession, and that questions and answers of this sort were to a person in authority and inadmissible.
“Also that the questions and answers were vague and indefinite, without direct bearing on the case at issue, and consequently inadmissible.
“That the court overruled the said objections, and admitted the said testimony as very material to the case.”
The bill does not disclose the answers of the witness, nor does it contain any statement of facts, beyond the bare announcement that the question was asked for the purpose of disclosing statements made by the accused while in custody. The fact that the accused was in close confinement at the time did not per se render his statements, otherwise free and voluntary, inadmissible. State v. Jones, 47 La. Ann. 1524, 18 South. 515.
The question cannot, on its face, be deemed objectionable, as the answer might have been that the accused sent for the officer.
Without a statement of the facts and circumstances of the ease, it is impossible for the court to determine whether the ruling of the trial judge was or was not erroneous. State v. Fields, 51 La. Ann. 1239, 26 South. 99; State v. Wright, 48 La. Ann. 1525, 21 South. 160; State v. Tiernan, 40 La. Ann. 525, 4 South. 477.
2. The state placed a police officer on the stand, and the district attorney asked the witness the following question: “Did you search him?” To which the defense objected “on the ground that same was irrel'e: vant and immaterial, and such evidence tended only to influence and prejudice the jury.” As in the last bill, the testimony of the witness is not given, but, from the statement annexed to-the bill and signed by the trial judge, it appears that the prosecuting witness testified that the accused threatened her with a knife and a razor, arid that the object of the testimony was to prove that when the accused was arrested he was searched, and weapons similar to those described by the prosecuting witness were found on his person.
*875 Such testimony was relevant as tending to corroborate the statements of the prosecutrix, and was properly admitted for that purpose.
3. The third and most important bill we transcribe in full as follows, to wit:
“Be it remembered that on the trial of this cause, Elizabeth Keintz being on the stand as a witness for the state, the district attorney asked the following questions:
“ ‘Question. Now, had the man done anything before to frighten you?’
“Objected to by the defense, and admitted by the presiding judge as material.
“Counsel for defendant objected to said testimony on the ground that the offenses offered to be proved were too remote; that they were separate and distinct offenses, and evidence of former crimes or offenses could not be introduced to support other or more recent offenses.
“That the presiding judge admitted said testimony as material and as corroborative, and overruled the objections of counsel for defense. Whereupon counsel,” etc.
Annexed to the bill is the following “note” signed by the judge and district attorney, viz.:
“The state introduced this evidence of repeated acts of rape upon the prosecuting witness in order to show the connection on the day charged was without consent, for the purpose of showing that all were committed against the will of complaining witness, through placing her in fear of her life, and in explanation of her conduct at the time of the specific act relied on. In other words, to show her submission on previous occasions through fear produced in her by threats and offers of personal violence, in order to show and explain her submission on the occasion of the rape charged in the indictment, showing that she was in a continuous state of fear and terror from the time of the first rape down to the act charged; and (2) for the purpose of accounting' for there having been no outcry, and to explain the absence of laceration.”
The bill contains no recital of the answer of the witness to the question propounded, nor her testimony on the subject of prior threats or rapes on the part of the accused.
Here we have on the face of the bill a question propounded, objections by the defense, the overruling of the objections by the trial judge because he considered the testimony material and corroborative, and a note by the district attorney stating the object and purpose of the testimony sought to be elicited.
As far as the record shows, the question was the only thing that went to the jury. It was vague as to time, and might have referred to acts of the accused immediately preceding and intimately connected with the commission of the offense charged. The judge considered the evidence sought to be elicited as material and as corroborative.
We cannot consider, in passing on this bill of exception, either the references to the facts and circumstances of the case contained in the briefs on both sides, or a transcript of the testimony of the prosecuting witness which has been furnished by the trial judge, but forms no part of the record.
We must assume that the verdict was sustained by the evidence, as the conscientious trial judge overruled the motion for a new trial.
No useful purpose would be subserved by reviewing the conflicting authorities as to the admissibility of evidence to show prior threats and antecedent rapes or attempts to rape. A number of them are cited in 23 Am. & Eng. Ency. Law. (2d Ed.) p. 882. We assume that two offenses of this nature committed on the same' girl or woman may be separate and distinct, or they may be so connected and correlated as to be considered one continuous transaction. Hence the apparent conflict of decisions.
We have no means of knowing judicially *877 that the evidence adduced before the jury in this case showed more than one rape. If there has been a miscarriage of justice, we are powerless to relieve the accused.
We are therefore constrained to affirm the verdict and sentence appealed from, and it is so ordered.