## BURT et al. v. UNITED STATES.
## GILLELAND v. SAME.
### Nos. 10529, 10688.

Circuit Court of Appeals, Fifth Circuit.
Nov. 30, 1943.

Rehearing Denied Jan. 19, 1944.

Clint W. Hager, of Atlanta, Ga., for appellants Burt and others.

Clint W. Hager and J. F. Kemp, both of Atlanta, Ga., and J. M. Johnson, of Gainesville, Ga., for appellant Gilleland.

Jim C. Smith, U. S. Atty., and Robert W. Gwin, Asst. U. S. Atty., both of Birmingham, Ala., for the United States.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The appellants, and others not tried or not convicted, were indicted jointly in the Northern District of Alabama in two counts for (1) having conspired in Georgia to violate the internal revenue laws by unlawfully making, selling, concealing and removing tax-unpaid distilled liquors, several overt acts in Georgia and two in the Northern District of Alabama being alleged; (2) having illegally removed and concealed in the Northern District of Alabama 941 gallons of such liquors. Gilleland had a separate trial, but on substantially the same evidence for the prosecution. Of the others, Richard Glenn Law pleaded guilty to the second count and was acquitted on the first, Burt and Waters were convicted on both counts, Seay and Lingerfelt on the first count only.

The evidence of the general conspiracy was largely circumstantial, and took a wide range. We think it sufficient to show a conspiracy, with Burt as its leader, to make and conceal large quantities of illicit liquors in Dawson County, Georgia, and that their disposal anywhere, including Birmingham, Alabama, was within its scope, and that the defendants convicted on the first count were among the conspirators. It appears without contradiction that a truckload of the liquors was driven into the Northern District of Alabama on the night of Feb. 14, 1942, Law driving the truck, and Burt accompanying

it in another automobile. The truck belonged to Burt, but he testified he had sold it to the purchaser of the liquor, who also was riding in the automobile, and Burt explained his own presence by saying he was going to Birmingham to collect the purchase money due for the truck. The evidence for the prosecution was that Burt was delivering the liquor in Birmingham. Certain it is that the liquor was tax-unpaid, and concealed under shucks that Burt had furnished for the purpose, and that the truck and liquor were seized in Alabama by the officers there. The evidence authorized the verdicts.

■ Of the numerous specifications of error in the trials we find only a few needing discussion. Burt while a witness was asked by his counsel if he had any purpose in coming to Alabama other than to collect the money for the truck, and the court held the question improper. It does not appear what Burt would have answered. On cross-examination one is entitled to assign error on a refusal to permit relevant questions without stating what the answer would have been, because the cross-examiner is entitled to sift the adverse witness and is not supposed to know what he will testify. But one interrogating his own witness ought to know what he intends to prove by him and ought to inform the court. The exception should be not to rejecting a question the answer to which is not made known, but to the exclusion of definite testimony actually offered. Burt was permitted to testify that he had come to collect for the truck. If he had any other purpose it was not stated what it was, and the court could not tell, nor can we, whether it ought to have been gone into.

■ On cross-examination, the court required Burt to answer whether he had ever been in the illicit liquor business, and that he had been twice convicted of misdemeanor violations of the liquor laws nine or ten years before, but restricted the consideration of the evidence to illustrating his real intent in the transactions on trial. Since he was asserting a good and lawful intent in conduct which was ambiguous at best, the evidence of his past similar transactions was in its nature admissible. But, while the range in time of such evidence is largely discretionary, we think isolated convictions nine years old are too ancient, and in a really close case might be held erroneous. The evidence of other in-

stances of Burt's recent activities touching illicit liquors is so impressive that we cannot think that these old misdemeanors were given any weight, or that a substantial right was prejudiced.

■ Since the conspiracy was formed in Georgia, the jurisdiction of the court to try the conspiracy count depended on whether an overt act was committed in Alabama. Only two were alleged to be committed there. Of these one, by inadvertence probably, alleged the liquor to have been tax paid instead of tax unpaid, and could not be relied on. The other related to the removal and concealment charged in the second count. Law, a hireling driver of the truck, admitted guilt of the second count but was not held as a conspirator. Waters, at whose house most of the liquor was gotten and who helped load the truck, was held guilty on both counts, as was Burt, who furnished the truck, the concealing shucks, and accompanied the load. Necessarily the jury found that Burt and Waters as conspirators did the overt act charged in Alabama, which was also the substantive charge in the second count. Error is specified, however, in the failure of the court to give requested charges which stated that the jurisdiction to convict for the conspiracy rested on finding this overt act true. The record leaves it doubtful whether proper exception was taken to the failure (the charge was given in Gilleland's trial); but if so, the omission did no harm, because the jury did find, as pointed out above, the very thing that the charge, if given, would have stated they must find.

■ Another requested charge, about Burt's contention that he had aided the purchasers of the liquor to buy, and not the sellers to sell, might have been proper to give had it not stated that in such event Burt "was not guilty of any offense." He would nevertheless be guilty of aiding in concealing and removing under the second count if thereafter he provided shucks and a truck and went with the load into Alabama with that intent. The court rightly refused the charge.

■ In Gilleland's trial, it appeared that he is Burt's father-in-law and neighbor, and that considerable liquor activity went on about his home, shop and mill. When the load for Alabama was in the making it is testified that Burt took the buyers

there and asked Gilleland if he had any liquor on hand and Gilleland said no, but that he was going to run that night, and would have six hundred gallons the next day. Parts of distilleries were found in his shop and materials in his barn. Though his son testified they were the son's, a case for the jury was made out against Gilleland.

The court rejected evidence that Law had been acquitted of the conspiracy. There was no error. Law's innocence was of course adjudicated as between the United States and Law, but not as between the United States and Gilleland, who was not a party to Law's trial. So also charges which assumed Law's acquittal were properly refused.

Gilleland's barn was between his house and shop and mill, approachable from an open parking lot used by the public. An officer saw through the open door empty liquor cans, and packages of distiller's materials. He stepped through the door and counted them, but seized nothing. There was no unlawful search and seizure, though he had no warrant. He could testify what he saw. Any member of the public could have seen the same thing. Other circumstances, slight in themselves, were properly admitted in evidence for the jury's consideration. Some were acts and sayings of alleged co-conspirators. These were admissible under proper instructions as to their use. Some of the sayings were res gestae.

No reversible error appearing in either trial, the judgments are affirmed.